UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TEANNA SANDERS, | : | |
| Plaintiff, | : | **Civil Action No. 2:22-cv-2652** |
| | : | **(JXN)(CLW)** |
| v. | : | |
| | : | |
| AMERICAN CORADIUS | : | **OPINION** |
| INTERNATIONAL LLC, *et al* | : | |
| Defendants. | : | |

**NEALS**, District Judge:

This matter comes before the Court on the Motion to Dismiss Plaintiff's Complaint [ECF No. 4] filed by Defendant American Coradius International LLC ("ACI" or "Defendant") to which Plaintiff Teanna Sanders ("Plaintiff") filed opposition [ECF No. 7], to which ACI replied [ECF No. 10]. Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1441(a) as this Court is the court embracing the state court where this action was originally filed. The Court has carefully considered the parties' submissions and decides the matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons stated herein, ACI's Motion to Dismiss [ECF No. 4] is **GRANTED**.

**I.   FACTUAL BACKGROUND**

Plaintiff commenced this action by filing a Complaint against ACI in the Superior Court of New Jersey, Union County, under docket no. UNN-DC-002871-22. In the Complaint, Plaintiff alleges that between April 7, 2021 and May 6, 2021, she received multiple telephone calls from ACI in an attempt to collect a debt. Compl. ¶ 17, ECF No. 1-2. Specifically, Plaintiff alleges that

ACI called Plaintiff "at least two times" on April 7, 2021, April 14, 2021, April 16, 2021, and May 4, 2021, and at inconvenient times on "Saturday and/or Sunday."  *Id.* ¶¶ 20-24.

Plaintiff also alleges that on or about April 8, 2021, she received a letter from ACI ("collection letter").  *Id.* ¶ 16.  This letter is attached to the Complaint as Exhibit A.  Compl. Ex. A, ECF No. 1-2 at 13.  Plaintiff alleges that the letter indicates USAA Federal Savings Bank as the creditor and that ACI is willing to accept $1664.17 to resolve the account.  Compl. ¶¶ 25-26.  Based upon these allegations, Plaintiff alleges that ACI violated Sections 1692d, 1692e, and 1692f of the Fair Debt Collection Practices Act ("FDCPA") by calling Plaintiff repeatedly and mailing the April 8, 2021 collection letter.  *Id.* ¶¶ 36-40.

On May 5, 2022, ACI timely removed this action to this Court based upon federal question jurisdiction.  Notice of Removal, ECF No. 1.  Shortly thereafter, ACI filed its motion to dismiss, contending that Plaintiff's allegations fail as a matter of law to state a claim under the FDCPA. Def.'s Br. at 1, ECF No. 4-1.  The matter is now ripe for the Court to decide.

**II.    LEGAL STANDARD**

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading is sufficient so long as it includes "a short and plain statement of the claim showing that the pleader is entitled to relief" and provides the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotations omitted).  In considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all the facts in the complaint and draws all reasonable inferences in favor of the plaintiff.  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Moreover, dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.*

While this standard places a considerable burden on the defendant seeking dismissal, the facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. That is, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In order to determine whether a complaint is sufficient under these standards, the Third Circuit requires a three-part inquiry: (1) the court must first recite the elements that must be pled in order to state a claim; (2) the court must then determine which allegations in the complaint are merely conclusory and therefore need not be given an assumption of truth; and (3) the court must assume the veracity of well-pleaded factual allegations and ascertain whether they plausibly give rise to a right to relief. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

### III.   DISUCSSION

Plaintiff alleges that ACI violated Sections 1692d, 1692e, and 1692f of the FDCPA by calling Plaintiff repeatedly and mailing the April 8, 2021 collection letter. Compl. ¶¶ 36-40. The FDCPA is a consumer protection statute that "imposes open-ended prohibitions on, *inter alia*, false, deceptive or unfair" debt-collection practices. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 587, 130 S.Ct. 1605, 176 L.Ed.2d 519 (2010). "To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing,* 765 F.3d 299, 303 (3d Cir. 2014). The parties only dispute the fourth prong.

3

To determine whether a particular practice or action violates the FDCPA, courts routinely apply the "least sophisticated debtor" standard. *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006); *Blair v. Fed. Pac. Credit Co., LLC*, 563 F. Supp. 3d 347, 354 (D.N.J. 2021). The least sophisticated debtor standard is objective, "meaning that the specific plaintiff need not prove that she was actually confused or misled, only that the objective least sophisticated debtor would be." *Id.* The least sophisticated debtor standard "preserves a quotient of reasonableness and presumes a basic level of understanding and willingness to read with care." *Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 427 (3d Cir. 2018). The debtor, however unsophisticated, must nevertheless "read collection notices in their entirety." *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 299 (3d Cir. 2008).

### A. Claims under Section 1692e

In the Complaint, Plaintiff alleges that the collection letter was "false, deceptive and misleading as to who is the actual owner of the Debt[.]" Compl. ¶ 27. Section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation" to collect a debt. 15 U.S.C. § 1692e. The section includes a non-exhaustive list of prohibited conduct, including making false representations as to the character or "legal status of any debt," § 1692e(2), threatening to "take any action that cannot legally be taken," § 1692e(5), and using "deceptive means" to "attempt to collect any debt," § 1692e(10).

ACI contends that the collection letter is not materially confusing and there can only be one interpretation as to who the creditor is and who is the debt collector. Def.'s Reply Br. at 6. ACI maintains that the collection letter "clearly identifies USAA Federal Savings Bank as the 'Creditor' in 2 places and states ACI is writing plaintiff regarding her USAA Federal Savings Bank account." Def.'s Br. at 8. ACI further contends that its collection letter identified ACI as the debt collector. *Id.*

In response, Plaintiff contends that the collection letter is deceptive because it is unclear as to who actually is the owner of the debt. Pl.'s Opp'n Br. at 7. According to Plaintiff, the collection letter indicates that the creditor is "USAA Federal Savings Bank," but it also indicates that "American Coradius International LLC, is willing to accept $1664.17 to resolve the account." *Id.* Plaintiff argues that this language suggests that ACI is the owner of the debt. *Id.* Plaintiff notes that "[t]he Collection Letter could have indicated that ACI, acting on behalf of USAA, was willing to accept $1,664.17, but it did not." *Id.* at 9. As a result, Plaintiff contends that there are two possible readings of the collection letter and the least sophisticated consumer reading the letter would be confused about who is the owner of the debt. *Id.* at 8-9.

In support of her argument, Plaintiff points to the decision in *Hopkins v. Advanced Call Center Technologies, LLC*, 2021 WL 1291736 (D.N.J. Apr. 7, 2021). That decision concerned a collection letter sent to the plaintiff which mentioned the names of the debt collector, JCPenney, JCPenney Credit Services and Synchrony Bank. The court held that the plaintiff properly alleged a violation of § 1692e with respect to confusion as to who actually owned the debt. *Id.* at *6. In so doing, the court reasoned that by failing to explain the relationship between Synchrony and JCPenney, the letter left open the question of who owns the debt. *Id.* The court further reasoned that a reader could reasonably think that (a) Synchrony owns the debt (the text says payment goes to it), (b) JCPenney owns the debt (the subject line and pay slip suggest that it is the account holder), or (c) that they have some type of joint operation, the contours of which are unclear (the pay slip is addressed to both, with a slash between their names). *Id.* The factors giving the court reason to find the *Hopkins* letter misleading are not present here.

Unlike the *Hopkins* letter, ACI's collection letter is not confusing because it only mentions two parties and clearly identifies those parties. The collection letter identifies USAA Federal

5

Savings Bank as the creditor and ACI as the debt collector. *See* Compl., Ex A, ECF No. 1-2 at 13. Plaintiff appears to acknowledge this in her Complaint. *See* Compl. ¶¶ 10-11 (noting that "ACI is a 'debt collector'" and that "ACI collects and attempts to collect debts[.]"); *see also* Compl. ¶ 13 ("USAA is a 'creditor'"). Nevertheless, Plaintiff contends that the collection letter was false, deceptive and misleading as to who is the actual owner of the debt because ACI noted in the letter that it would accept $1664.17 to resolve the debt. Pl's Opp'n Br. at 7-8. Despite Plaintiff's contentions, ACI's letter is straightforward and not confusing. As noted by both parties, the letter clearly indicates who the creditor is, who the debt collector is, and that ACI's letter "is an attempt to collect a debt[.]" *See* Compl., Ex A, ECF No. 1-2 at 13. Moreover, ACI's letter provides that once payment has been cleared, ACI "will notify [their] client so they can update their records accordingly." *Id.* This further indicates that ACI is the debt collector and USAA Federal Savings Bank is the creditor. The fact that ACI's letter offers to resolve Plaintiff's account for an amount less than the account balance is not deceptive or misleading, even to the least sophisticated debtor. *See Blair*, 563 F. Supp. 3d at 354 (dismissing a Section 1692e claim and noting that "the Letter's offer of a 'discount' on the debt is not misleading[.]"). Accordingly, Plaintiff's claim under § 1692e must therefore be dismissed. Because this dismissal is based on the text of the letter itself, an amendment would be futile, and the dismissal is with prejudice. *Id.* at 361.

### B. Claims under Section 1692d

Plaintiff alleges that ACI violated § 1692d of the FDCPA by "causing Plaintiff's telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number." Compl. ¶ 38. Under § 1692d, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Such conduct

includes, for example: "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy." *Id.*

Here, Plaintiff alleges that she received multiple calls from ACI in an attempt to collect a debt. Plaintiff further alleges that ACI called at inconvenient times on Saturday and Sunday. The Complaint, however, does not sufficiently allege that ACI's actions resulted in harassment, oppression, or abuse. Plaintiff's Complaint only mentions the offending conduct when reciting the statutory language. *See* Compl. ¶ 38. Absent such allegations, the Court cannot discern whether ACI's actions were done with the intent to harass, oppress or abuse Plaintiff. Thus, on its face, the allegations in Plaintiff's Complaint do not approach the types of egregious conduct illustrated by the statute's examples. *See Kaetz v. Educ. Credit Mgmt. Corp.*, Civ No. 16-9225, 2019 WL 4745289, at *5 (D.N.J. Sept. 30, 2019) (dismissing plaintiff's § 1692d claim for failing to factually allege that "[d]efendants called repeatedly or continuously or . . . **with the intent to harass, oppress or abuse**") (emphasis added). Accordingly, Plaintiff's claim under § 1692d must therefore be dismissed. This dismissal will be without prejudice to an amendment that further describes ACI's alleged conduct.

C. **Claims under Section 1692f**

Plaintiff alleges that ACI violated § 1692f of the FDCPA by "using unfair or unconscionable means to collect or attempt to collect any debt." Compl. ¶ 40. Section 1692f prohibits a debt collector from using any "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The section "is considered to be a catch-all provision for conduct that is unfair but is not specifically identified in any other section of the FDCPA." *Rush v. Portfolio Recovery Assocs., LLC*, 977 F. Supp. 2d 414, 432 (D.N.J. 2013) (citation omitted). "Courts have therefore determined that § 1692f cannot be the basis of a separate claim for

complained of conduct that is already explicitly addressed by other sections of the FDCPA, . . . and routinely dismiss § 1692f claims when a plaintiff does not identify any misconduct beyond that which he asserts violates other provisions of the FDCPA." *Id.* (punctuation and citations omitted). Here, Plaintiff's Complaint does not identify any alleged misconduct beyond that which Plaintiff asserts violated other provisions of the FDCPA, nor does her opposition brief argue that she sufficiently alleged a claim under § 1692f. Accordingly, Plaintiff's claim under § 1692f must therefore be dismissed. This dismissal will be without prejudice to an amendment that describes ACI's alleged conduct that is unfair but is not specifically identified in any other section of the FDCPA.

### IV.   CONCLUSION

For the foregoing reasons, ACI's Motion to Dismiss [ECF No. 4] is **GRANTED**. An appropriate Order accompanies this Opinion.


DATED: November 29, 2022

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge