UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TEANNA SANDERS,<br><br>       Plaintiff,<br><br>v.<br><br>AMERICAN CORADIUS INTERNATIONAL LLC, JOHN DOES 1-50 (fictitiously named), and ABC CORP 1-50 (fictitiously named),<br><br>       Defendants. | Civil Action No. 22-2652<br>(JXN)(CLW)<br><br>OPINION |

**NEALS**, District Judge:

**THIS MATTER** comes before the Court on Defendant American Coradius International, LLC's ("American") motion to dismiss Plaintiff Teanna Sanders' ("Plaintiff") amended complaint (ECF No. 19) (the "Amended Complaint") filed pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 21) (the "Motion"). Plaintiff opposed, and American replied (ECF Nos. 24, 29). Jurisdiction and venue are proper pursuant to 28 U.S.C. §§ 1331 and 1391.

The Court has carefully considered the parties' submissions and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, American's motion to dismiss (ECF No. 21) is **GRANTED** and Plaintiff's Amended Complaint (ECF No. 19) is **DISMISSED** *with prejudice*.

**I.      BACKGROUND AND PROCEDURAL HISTORY**[1]

On April 7, 2022, Plaintiff initiated this action in New Jersey Superior Court alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "Fair Debt

---

[1] Plaintiff's allegations are taken from the Amended Complaint, which the Court accepts as true.

Act"). (ECF No. 1-2). On May 5, 2022, American timely removed pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. (ECF No. 1). On May 26, 2022, American filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 4). On November 29, 2022, the Court granted the motion and dismissed the § 1692e claim *with prejudice*, the §§ 1692d and 1692f claims *without prejudice*, and allowed Plaintiff to file an amended complaint. (ECF Nos. 17-18).

On December 13, 2022, Plaintiff filed the Amended Complaint. (ECF No. 19). Therein, Plaintiff alleges that in violation of the Fair Debt Act, American "engag[ed] in abusive, deceptive, and unfair practices" in its attempt to collect "a consumer debt" from Plaintiff by making "multiple telephone calls" "[b]etween April 7, 2021 and May 6, 2021 . . . ." (Am. Compl. ¶¶ 1, 14, 18). On January 10, 2023, American moved to dismiss arguing in pertinent part that the Amended Complaint fails to "show any intent to annoy, abuse, or harass any person at the called number." (ECF No. 21-1 at 5[2]). In opposition, Plaintiff contends that the Amended Complaint corrected the previous deficiencies. (ECF No. 24 at 7). This matter is now ripe for consideration.

## II.     **LEGAL STANDARD**

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading is sufficient so long as it includes "a short and plain statement of the claim showing that the pleader is entitled to relief" and provides the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A complaint survives dismissal if it provides a sufficient factual basis to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

---

[2] The Court refers to the ECF header page numbers.

To determine whether a complaint meets this standard, the Third Circuit requires a three-part inquiry: (1) the court must first recite the elements that must be pled in order to state a claim; (2) the court must then determine which allegations in the complaint are merely conclusory and therefore need not be given an assumption of truth; and (3) the court must assume the veracity of well-pleaded factual allegations and ascertain whether they plausibly give rise to a right to relief. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

### III.     DISCUSSION

#### A.     The Court Previously Dismissed the § 1692e Claim *with Prejudice*

Despite the Court's prior dismissal *with prejudice* (*see* ECF No. 17 at 6), Plaintiff realleges that American violated § 1692e "by engaging in false, misleading and deceptive conduct[.]" (Am. Compl. ¶¶ 46, 50). The claim, however, remains dismissed, which obviates the need for further review.

#### B.     The §§ 1692d and 1692d(5) Claims are Dismissed *with Prejudice*

American argues that Plaintiff's allegations "fail[] to plead sufficient facts to show that [American] contacted [Plaintiff] continuously or repeatedly and with the intent to annoy, abuse or harass her." (ECF No. 21-1 at 9). Additionally, that Plaintiff "fails to sufficiently allege facts that support her claim that [American] was acting with intent to harass or how these calls rise to the level of harassment." (*Ibid.*). The Court agrees.

Congress enacted the Fair Debt Act "to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citation omitted). To state a claim, Plaintiff must allege that: "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's

challenged practice involves an attempt to collect a debt as" defined by the Fair Debt Act, and "(4) the defendant has violated a provision of the [Fair Debt Act] in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014) (citation and internal quotations omitted).  Here, the parties only dispute the fourth prong.

"[C]onsistent with basic consumer-protection principles[,]" the Court analyzes "communications from lenders to debtors" under the Fair Debt Act "from the perspective of the least sophisticated debtor." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006) (citations and internal quotations omitted).  This means that the "plaintiff need not prove that she was actually confused or misled, only that the objective least sophisticated debtor would be." *Blair v. Fed. Pac. Credit Co.*, LLC, 563 F.Supp.3d 347, 354 (D.N.J. 2021) (citation and internal quotations omitted).  To that end, the Court must do "more than simply examin[e] whether particular language would deceive or mislead a reasonable debtor because" it "might still deceive or mislead the least sophisticated debtor." *Brown*, 464 F.3d at 454 (citation and internal quotations omitted).

Under § 1692d, a debt collector is prohibited from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.  Conduct that violates § 1692d includes "[c]ausing a telephone to ring . . . repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).  "[C]ontinuously means making a series of telephone calls, one right after the other, and repeatedly means calling with excessive frequency under the circumstances." *Rodriguez v. Maharaj*, No. 20-4666, 2021 WL 508611, at *13 (D.N.J. Feb. 11, 2021) (citation and internal quotations omitted).  "There is no precise test to determine whether a debt collector acted with the requisite intent, but courts look to the volume, frequency, pattern, and

substance of the calls." *Id*. at *6 (citation and internal quotations omitted).  In carefully analyzing these factors, the Court finds that Plaintiff failed to state a plausible claim under § 1692d.

Plaintiff alleges that in "a 30 day period, [she] received at least 16 calls from [American]." (Am. Compl. ¶ 32).  The Court agrees that "making sixteen calls over a span of thirty days, with nothing more, is not sufficient to support" a § 1692d(5) claim.  (ECF No. 29 at 4 (citations omitted)).  Indeed, "[a] remarkable volume of telephone calls is permissible" without a violation occurring.  *Lightfoot v. Healthcare Revenue Recovery Grp., LLC*, No. 14-6791, 2015 WL 1103441, at *3 (D.N.J. Mar. 11, 2015) (citations omitted).  Thus, the 16 calls alone do not "support an inference of intent to harass or abuse[,]" particularly when courts have declined to find violations for calls ranging from 55 over a three-month period to 149 in a two-month period.  *Id.* at *3.

Next, while Plaintiff alleges that American's calls on "Saturday and/or Sunday were made with the intent to harass, oppress or abuse" (*see* Am. Compl. ¶ 35), there are no allegations to suggest that American made these calls to harass or abuse Plaintiff.  To be sure, the Amended Complaint does not contain any allegations that American made a series of telephone calls one right after the other; American called with excessive frequency under the circumstances; and/or American called during unusual hours.  Consequently, American's frequency and pattern of calls do not create an inference of intent to harass or oppress.  Moreover, because Plaintiff did not speak with any American representative during these calls (*see* Am. Compl. ¶ 28), Plaintiff does not allege that the "substance" of the calls was annoying, abusive, or harassing.  Thus, in viewing the allegations in the light most favorable to Plaintiff, the § 1692d claims are dismissed *with prejudice*.

      C.    **The § 1692f Claim is Dismissed *with Prejudice***

A debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.  This provision is "a catch-all" for "conduct that

5

is unfair but is not specifically identified in any other section of the" Fair Debt Act. *Rush v. Portfolio Recovery Assocs., LLC*, 977 F.Supp.2d 414, 432 (D.N.J. 2013) (citation omitted). However, § 1692f is not "the basis of a separate claim for complained of conduct that is already explicitly addressed by other sections of the" Fair Debt Act. *Rush*, 977 F.Supp.2d at 432 (citation omitted). As a result, courts "routinely dismiss § 1692f claims when a plaintiff does not identify any misconduct beyond that which he asserts violates other provisions of the" Fair Debt Act. *Id*. (citations and internal quotations and brackets omitted).

Here, Plaintiff alleges that American's "multiple and repeated calls" constitute an "unfair or unconscionable means to collect a debt." (Am. Compl. ¶ 38). These allegations are identical to the facts alleged in Plaintiff's initial complaint. Because the Court allowed Plaintiff to cure the deficiencies (*see* ECF No. 17 at 7-8), the Amended Complaint's allegations do not rectify the issues raised in the Court's Opinion, and Plaintiff again failed to state a § 1692f claim. *See White v. Pagotto*, 2023 WL 4929306, at *2 n.3 (3d Cir. Aug. 2, 2023) (affirming District Court's dismissal of claims with prejudice after the court allowed plaintiff to file an amended complaint). Accordingly, the § 1692f claim is dismissed *with prejudice*.

## IV. CONCLUSION

For the reasons set forth above, American's motion to dismiss (ECF No. 21) is **GRANTED** and Plaintiff's Amended Complaint (ECF No. 19) is **DISMISSED with prejudice**.

An appropriate Order accompanies this Opinion.

DATED: 12/4/2023

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge